IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | CRIMINAL NO.  EP-18-CR- |
| | § | S E A L E D |
| Plaintiff, | § | I N D I C T M E N T |
| | § | |
| v. | § | CT 1:  21:963-Conspiracy to Import a |
| | § | Controlled Substance; |
| HUMBERTO RIVERA-RIVERA, | § | CT 2:  21:952(a) & 18:2-Importation of a |
| a.k.a. "Chato" (1), and | § | Controlled Substance and Aiding and |
| ISAC GAMEZ-RUIZ (2), | § | Abetting; |
| | § | CT 3:  21:952(a) & 18:2-Importation of a |
| Defendants. | § | Controlled Substance and Aiding and |
| | § | Abetting; |
| | § | CT 4:  21:846 & 841(a)(1)-Conspiracy to |
| | § | Possess a Controlled Substance with Intent to |
| | § | Distribute; and |
| | § | CT 5:  21:841(a)(1) & 18:2-Possession with |
| | § | Intent to Distribute a Controlled Substance |
| | § | and Aiding and Abetting; and |
| | § | CT 6:  21:841(a)(1) & 18:2-Possession with |
| | § | Intent to Distribute a Controlled Substance |
| | § | and Aiding and Abetting. |

THE GRAND JURY CHARGES:

# EP18CR3732

## COUNT ONE
(21 U.S.C. § 963, 952(a), 960(a)(1) & 960(b)(1)(G))

That beginning on or about September 1, 2015, and continuing through and including November 30, 2018, in the Western District of Texas, District of New Mexico, and elsewhere, Defendants,

**HUMBERTO RIVERA-RIVERA, a.k.a. "Chato" (1) and
ISAC GAMEZ-RUIZ (2),**

knowingly, intentionally, and unlawfully conspired, combined, confederated, and agreed together, with others to the Grand Jury known and unknown, to commit offenses against the United States, in violation of Title 21, United States Code, Section 963, that is to say, they conspired to import a controlled substance, which offense involved a mixture or substance containing a detectable

amount of marijuana, a Schedule I Controlled Substance, into the United States from Mexico, contrary to Title 21, United States Code, Sections 952(a) and 960(a)(1) in the quantities set forth below:

**QUANTITY OF CONTROLLED SUBSTANCE INVOLVED IN THE CONSPIRACY**

The quantity of marijuana involved in the conspiracy and attributable to each Defendant as a result of each Defendant's own conduct and as a result of the conduct of other conspirators reasonably foreseeable to each Defendant is as follows:

| DEFENDANT | QUANTITY | STATUTE |
|---|---|---|
| Humberto Rivera-Rivera, a.k.a. "Chato" (1) | 1,000 kilograms or more of a mixture or substance containing a detectable amount of marijuana | 960(b)(1)(G) |
| Isac Gamez-Ruiz (2) | 1,000 kilograms or more of a mixture or substance containing a detectable amount of marijuana | 960(b)(1)(G) |

All in violation of Title 21, United States Code, Section 963.

<u>**COUNT TWO**</u>
(21 U.S.C. §§ 952(a), 960(a)(1) & 960(b)(2)(G) & 18 U.S.C. § 2)

That on or about February 13, 2017, in the Western District of Texas, Defendant,

**ISAC GAMEZ-RUIZ (2),**

knowingly and intentionally imported into the United States from Mexico a controlled substance, and aided and abetted the same, which offense involved 100 kilograms or more of a mixture or substance containing a detectable amount of marijuana, a Schedule I Controlled Substance, in violation of Title 21, United States Code, Sections 952(a), 960(a)(1) and 960(b)(2)(G) and Title 18, United States Code, Section 2.

2

## COUNT THREE
### (21 U.S.C. §§ 952(a), 960(a)(1) & 960(b)(2)(G) & 18 U.S.C. § 2)

That on or about November 30, 2018, in the Western District of Texas, Defendants,

**HUMBERTO RIVERA-RIVERA, a.k.a. "Chato" (1) and
ISAC GAMEZ-RUIZ (2)**,

knowingly and intentionally imported into the United States from Mexico a controlled substance,

and aided and abetted the same, which offense involved 100 kilograms or more of a mixture or

substance containing a detectable amount of marijuana, a Schedule I Controlled Substance, in

violation of Title 21, United States Code, Sections 952(a), 960(a)(1) and 960(b)(2)(G) and Title

18, United States Code, Section 2.

## COUNT FOUR
### (21 U.S.C. §§ 846, 841(a)(1), & 841(b)(1)(A)(vii))

That beginning on or about September 1, 2015, and continuing through and including

November 30, 2018, in the Western District of Texas, District of New Mexico, and elsewhere,

Defendants,

**HUMBERTO RIVERA-RIVERA, a.k.a. "Chato" (1) and
ISAC GAMEZ-RUIZ (2)**,

knowingly, intentionally, and unlawfully conspired, combined, confederated, and agreed together,

with others to the Grand Jury known and unknown, to commit offenses against the United States,

in violation of Title 21, United States Code, Section 846, that is to say, they conspired to possess

a controlled substance, which offense involved marijuana, a Schedule I Controlled Substance, with

intent to distribute same, contrary to Title 21, United States Code, Sections 841(a)(1) in the

quantities set forth below:

3

**QUANTITY OF CONTROLLED SUBSTANCE INVOLVED IN THE CONSPIRACY**

The quantity of marijuana involved in the conspiracy and attributable to each Defendant as a result of each Defendant's own conduct and as a result of the conduct of other conspirators reasonably foreseeable to each Defendant is as follows:

| DEFENDANT | QUANTITY | STATUTE |
|---|---|---|
| Humberto Rivera-Rivera, a.k.a. "Chato" (1) | 1,000 kilograms or more of a mixture or substance containing a detectable amount of marijuana | 841(b)(1)(A)(vii) |
| Isac Gamez-Ruiz (2) | 1,000 kilograms or more of a mixture or substance containing a detectable amount of marijuana | 841(b)(1)(A)(vii) |

All in violation of Title 21, United States Code, Section 846.

## COUNT FIVE
### (21 U.S.C. §§ 841(a)(1), & 841(b)(1)(B)(vii))

That on or about February 13, 2017, in the Western District of Texas, Defendant,

**ISAC GAMEZ-RUIZ (2),**

knowingly and intentionally possessed with intent to distribute a controlled substance, and aided and abetted the same, which offense involved 100 kilograms or more of a mixture or substance containing a detectable amount of marijuana, a Schedule I Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(vii), and Title 18, United States Code, Section 2.

## COUNT SIX
(21 U.S.C. §§ 841(a)(1), & 841(b)(1)(B)(vii))

That on or about November 30, 2018, in the Western District of Texas, Defendants,

**HUMBERTO RIVERA-RIVERA, a.k.a. "Chato" (1) and
ISAC GAMEZ-RUIZ (2)**,

knowingly and intentionally possessed with intent to distribute a controlled substance, and aided

and abetted the same, which offense involved 100 kilograms or more of a mixture or substance

containing a detectable amount of marijuana, a Schedule I Controlled Substance, in violation of

Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(vii), and Title 18, United States

Code, Section 2.

## NOTICE OF GOVERNMENT'S DEMAND FOR FORFEITURE
[*See* Fed. R. Crim. P. 32.2]

### I.
### Forfeiture Statutes for Drug Violations
[Title 21 U.S.C. §§ 963, 952, 846 and 841, subject to forfeiture pursuant to Title 21 U.S.C. §§ 853(a)(1) and (2)]

As a result of the foregoing criminal violations set forth in Counts One through Six, the

United States of America gives notice to Defendants **HUMBERTO RIVERA-RIVERA a.k.a.**

**"Chato" (1), and ISAC GAMEZ-RUIZ (2)** of its intent to seek the forfeiture of any and all

property upon conviction pursuant to FED. R. CRIM. P. 32.2 and Title 21 U.S.C. §§ 853(a)(1) and

(2), which states:

**21 U.S.C. § 853.  Criminal Forfeitures**
**(a) Property subject to criminal forfeiture**
　　　　* * *
**(1)** any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation;
**(2)** any of the person's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation.

5

If any of the property described above as being subject to forfeiture for the violations set forth above, as a result of any act or omission of the Defendants:

a. cannot be located upon the exercise of due diligence;
b. has been transferred or sold to, or deposited with, a third party;
c. has been placed beyond the jurisdiction of the court;
d. has been substantially diminished in value; or
e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States of America to seek forfeiture of any other property, up to the value of said money judgment, as substitute assets pursuant to Title 21 U.S.C. 853(p) and Fed. R. Crim. P. 32.2(e)(1).

A TRUE BILL.

ORIGINAL SIGNATURE REDACTED PURSUANT TO E-GOVERNMENT ACT OF 2002

_____
FOREPERSON OF THE GRAND JURY

JOHN F. BASH
UNITED STATES ATTORNEY

BY: _____
STEVEN R. SPITZER
Assistant U.S. Attorney